Jason P. Gonzalez, SBN 178768
jgonzalez@nixonpeabody.com
Neal J. Gauger, SBN 293161
ngauger@nixonpeabody.com
**NIXON PEABODY LLP**
300 South Grand Avenue, 41st Floor
Los Angeles, CA 90071
Telephone: 213.629.6000
Facsimile: 213.629.6001

Attorneys for Defendants
DIANA LEE
and ZION HEALTH TECH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONG ICK SHIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DIANA LEE, ZION HEALTH TECH, INC. and ION CO. LTD., and DOES 1-10,<br><br>Defendants. | Case No.  8:16-CV-1225-CJC-DFM<br><br>**Hon. Cormac J. Carney**<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    <u>INTRODUCTION</u>

    1.1    <u>Purposes and Limitations</u>

       Disclosure and discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

4840-3345-5936.2

1  discovery and that the protection it affords from public disclosure and use extends

2  only to the limited information or items that are entitled to confidential treatment

3  under the applicable legal principles.  The parties further acknowledge, as set forth

4  in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

5  file confidential information under seal; Civil Local Rule 79-5 sets forth the

6  procedures that must be followed and the standards that will be applied when a

7  party seeks permission from the court to file material under seal.

8          1.2    Good Cause Statement

9          This action involves a dispute about alleged claims made regarding the

10  performance, design, and effect of water ionizers sold by Defendant Zion Health

11  Tech, Inc. ("Zion").  Zion anticipates that discovery in this case may involve the

12  disclosure of proprietary design materials, engineering design, and testing

13  information, as well as proprietary internal processes and procedures related to such

14  technology.  Zion also anticipates that discovery in this case may involve the

15  disclosure of personal or competitive personnel and financial information.  Public

16  disclosure of documents in these non-exclusive categories would be of substantial

17  interest to Zion's competitors and disclosure of the materials would harm Zion's

18  competitive position in the industry.

19  2.    DEFINITIONS

20          2.1    Action: This pending federal lawsuit.

21          2.2    Challenging Party: a Party or Non-Party that challenges the

22  designation of information or items under this Order.

23          2.3    "CONFIDENTIAL" Information or Items: information (regardless of

24  how it is generated, stored or maintained) or tangible things that qualify for

25  protection under Federal Rule of Civil Procedure 26(c), and/or as specified above in

26  the Good Cause Statement.

27          2.4    Counsel: Outside Counsel of Record and House Counsel (as well as

28  their support staff).

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  Extremely sensitive "Confidential Information or Items" disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it

4840-3345-5936.2

- 5 -

1  would like copied and produced.  During the inspection and before the designation,

2  all of the material made available for inspection shall be deemed "HIGHLY

3  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has

4  identified the documents it wants copied and produced, the Producing Party must

5  determine which documents, or portions thereof, qualify for protection under this

6  Order.  Then, before producing the specified documents, the Producing Party must

7  affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

8  – ATTORNEYS' EYES ONLY"), as appropriate, to each page that contains

9  Protected Material.

10        (b)     for testimony given in depositions, that the Designating Party

11  identify the Disclosure or Discovery Material on the record, before the close of the

12  deposition, hearing, or other proceeding, all protected testimony and specify the

13  level of protection being asserted.  Where it is impractical to identify separately

14  each portion of testimony that is entitled to protection and it appears that substantial

15  portions of the testimony may qualify for protection, the Designating Party may

16  invoke on the record (before the deposition, hearing, or other proceeding is

17  concluded) a right to have up to 21 days to identify the specific portions of the

18  testimony as to which protection is sought and to specify the level of protection

19  being asserted.  Only those portions of the testimony that are appropriately

20  designated for protection within the 21 days shall be covered by the provisions of

21  this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

22  the deposition, hearing, or other proceeding, or up to 21 days afterwards if that

23  period is properly invoked, that the entire transcript shall be treated as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25  ONLY."

26        Parties shall give other the other parties notice if they reasonably expect a

27  deposition, hearing, or other proceeding to include Protected Material so that the

28  other parties can ensure that only authorized individuals who have signed the

4840-3345-5936.2

"Acknowledgement and Agreement to be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --- ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

No party shall be responsible to another party for disclosure of Confidential Information under this Order, if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Civil Local Rule 79-5, if applicable, within 30 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will  not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The burden of persuasion in any such challenge proceeding

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

1    shall be on the Designating Party.  Frivolous challenges, and those made for an

2    improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

3    other parties) may expose the Challenging Party to sanctions.  Unless the

4    Designating Party has waived or withdrawn the confidentiality designation, all

5    parties shall continue to afford the material in question the level of protection to

6    which it is entitled under the Producing Party's designation until the Court rules on

7    the challenge.

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9         7.1    Basic Principles.  A Receiving Party may use Protected Material that is

10   disclosed or produced by another Party or by a Non-Party in connection with this

11   Action only for prosecuting, defending, or attempting to settle this Action.  Such

12   Protected Material may be disclosed only to the categories of persons and under the

13   conditions described in this Order.  When the Action has been terminated, a

14   Receiving Party must comply with the provisions of section 13 below (FINAL

15   DISPOSITION).

16        Protected Material must be stored and maintained by a Receiving Party at a

17   location and in a secure manner that ensures that access is limited to the persons

18   authorized under this Order.  Materials stored electronically must be stored on a

19   system that used passwords or other access-control mechanisms.

20        Nothing in this Order will bar Counsel from rendering advice to their clients

21   with respect to this litigation and, in the course thereof, relying upon any

22   Confidential Information designated as "CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that the contents of

24   the Confidential Information must not be disclosed to those not authorized by this

25   Order.

26        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

27   otherwise ordered by the court or permitted in writing by the Designating Party, a

28

4840-3345-5936.2

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1   (i)   any mediator or settlement officer, and their supporting

2   personnel, mutually agreed upon by any of the parties engaged in settlement

3   discussions.

4   7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

6   in writing by the Designating Party, a Receiving Party may disclose any

7   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

8   EYES ONLY" only to:

9   (a)   the Receiving Party's Outside Counsel of Record in this Action,

10   as well as employees of said Outside Counsel of Record to whom it is reasonably

11   necessary to disclose the information for this Action;

12   (b)   Experts (as defined in this Order) of the Receiving Party to

13   whom disclosure is reasonably necessary for this Action and who have signed the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the

15   procedures set forth in paragraph 7.4 below, have been followed;

16   (c)   the Court and its personnel;

17   (d)   court reporters and their staff;

18   (e)   professional jury or trial consultants, mock jurors, and

19   Professional Vendors to whom disclosure is reasonably necessary for this Action

20   and who have signed the "Acknowledgment and Agreement to Be Bound"

21   (Exhibit A);

22   (f)   the author or recipient of a document containing the information

23   or a custodian or other person who otherwise possessed or knew the information;

24   (g)   the Receiving party's House Counsel who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

26   (h)   any mediator or settlement officer, and their supporting

27   personnel, mutually agreed upon by any of the parties engaged in settlement

28   discussions.

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts

(a)    Unless ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Experts current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or finding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Expert may file a motion in compliance with Civil Local Rule 79-5 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Inadvertent or unintentional production of any document or thing subject to attorney-client privilege or work-product immunity shall not constitute a waiver of

4840-3345-5936.2

1   the attorney-client privilege or work-product immunity, if any, as they apply to

2   those documents specifically or to the subject matter of those documents generally.

3   If a party produces documents or things that it believes should have been withheld

4   as privileged or work-product, such party shall provide a written request for the

5   return of those documents or things within a reasonable time after having actual

6   knowledge that said documents have been produced.  Upon receipt of such written

7   notice, the Receiving Party shall promptly gather the original and all such copies of

8   such documents and things and shall promptly return the original and all such

9   copies to the Designating Party.  If the Designating Party discovery discovers that

10  privileged, work-product, or otherwise protected documents and things have been

11  inadvertently produced based on the Receiving Party's use of such information

12  during a deposition or hearing, the Designating Party may orally request the return

13  of the information and that the Receiving Party must immediately cease

14  examination or argument regarding the specific substantive content of the

15  document.  If a Designating Party orally requests the return of inadvertently

16  produced documents or things at a deposition, the Designating Party shall provide

17  the specific basis of the claim of privilege at the time the oral request is made.

18  Upon such an oral request, the receiving party shall immediately (a) return the

19  documents and things at issue and all copies to the Producing Party; and (b) cease

20  examination or argument regarding the specific content of such documents and

21  things.  The return of such documents and things shall not preclude a Receiving

22  Party from later moving the Court to compel production of the returned documents

23  and things on the basis that any privilege applicable thereto has been waived.  The

24  Receiving Party may challenge the privileged nature of the recalled documents by

25  filing a motion with the Court and requesting an *in camera* review of the documents

26  or things in question.

27

28

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

1   12.    MISCELLANEOUS

2        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

3   person to seek its modification by the Court in the future.

4        12.2    Right to Assert Other Objections.  By stipulating to the entry of this

5   Protective Order no Party waives any right it otherwise would have to object to

6   disclosing or producing any information or item on any ground not addressed in

7   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

8   any ground to use in evidence of any of the material covered by this Protective

9   Order.

10       12.3    Filing Protected Material.  Without written permission from the

11  Designating Party or a court order secured after appropriate notice to all interested

12  persons, a Party may not file in the public record in this action any Protected

13  Material.  A Party that seeks to file under seal any Protected Material must comply

14  with Civil Local Rule 79-5.  Protected Material may only be filed under seal

15  pursuant to a court order authorizing the sealing of the specific Protected Material

16  at issue.  A sealing issue will order only upon a request establishing that the

17  Protected Material is entitled to protection under the law.  If a Party's request to file

18  Protected Material under seal is denied by the court, then the Receiving Party may

19  file the information in the public record unless otherwise instructed by the court.

20  13.    FINAL DISPOSITION

21       After the final disposition of this Action, as defined in paragraph 4, within 60

22  days of a written request by the Designating Party, each Receiving Party must

23  return all Protected Material to the Producing Party or destroy such material.  As

24  used in this subdivision, "all Protected Material" includes all copies, abstracts,

25  compilations, summaries, and any other format reproducing or capturing any of the

26  Protected Material.  Whether the Protected Material is returned or destroyed, the

27  Receiving Party must submit a written certification to the Producing Party (and, if

28  not the same person or entity, to the Designating Party) by the 60 day deadline that

4840-3345-5936.2

STIPULATED PROTECTIVE ORDER
8:16-CV-1225-CJC-DFM

(1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  January 17, 2017    LAW OFFICE OF JUAN HONG


         By: /s/ Juan Hong_____


         Juan Hong
         Attorneys for Plaintiff
         JONG ICK SHIN

Dated:  January 17, 2017    NIXON PEABODY LLP


         By: /s/ Jason P. Gonzalez_____


         Jason P. Gonzalez
         Neal J. Gauger
         Attorneys for Defendants
         DIANA LEE and
         ZION HEALTH TECH, INC.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: January 19, 2017   _____
         HON. DOUGLAS F. McCORMICK
         United States District Judge

4840-3345-5936.2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert case name and number].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

4840-3345-5936.2